## E. N. Stockbridge v. The Territory of Oklahoma.

### (Filed February 11, 1905.)

1. **KILLING DOMESTIC ANIMALS—Corpus Delicti.** In a prosecution for killing a domestic animal, direct proof of death, by violence, showing the existence of a criminal act demanding investigation, establishes the **corpus delicti.**

2. **INSTRUCTIONS—Circumstantial Evidence.** Where the prosecution relies for conviction upon evidence partially direct and partially circumstantial, an instruction on circumstantial evidence which defines the nature of such evidence, and points out the degree of certainty required as compared, or in connection with direct evidence, and which charges that such evidence is legal and competent, and justifies conviction if absolutely incompatible with innocence and incapable of explanation upon any reasonable hypothesis other than that of guilt, is sufficient, where no further instruction is requested by the defendant.

(Syllabus by the Court.)

*Error from the District Court of Greer County; before James K. Beauchamp, Trial Judge.*

*Chas. H. Eagin* and *Wells & Mathews,* for plaintiff in error.

*P. C. Simons, Attorney General,* and *Don C. Smith, Ass't Attorney General,* for defendant in error.

Opinion of the court by

Pancoast J.: The defendant, now plaintiff in error, was prosecuted upon indictment in the district court of Greer county, on the charge of killing a bull, the property of one

B. B. Warren, on the 15th day of March, 1902. Upon the trial of the cause, the defendant was found guilty, and sentenced to pay a fine of $500.00 and costs of prosecution, amounting to $134.00. From this judgment and sentence he appeals to this court.

The brief of plaintiff in error contains a very flattering eulogy upon the courts of the Territory, and were it possible to reverse a case for this cause, we would readily do so.

Several assignments of error are contained in the petition in error. Only three, however, are argued in the brief. These are, first, that the verdict was not supported by the evidence; second, the *corpus delicti* was not proved; and, third, error in giving instruction number three.

As to the first assignment, that the verdict is not supported by the evidence, the evidence being circumstantial and made up of so many different links in the chain of circumstances, to discuss the evidence bearing upon this assignment would necessitate a rehearsal of the entire evidence, which we think is unnecessary here. The jury had the witnesses before them, and were better able to determine the truth of this charge than this court is from an examination of the record. We think, however, that the evidence is far from being insufficient, but on the other hand, it is ample and strong in all of the material features, and that the jury must have been irresistibly drawn to the conclusion that the defendant was guilty. No other reasonable conclusion could have been arrived at.

Second, that the *corpus delicti* was not proved, is certainly not well taken. The animal in question strayed from the owner's premises, was seen at or near the premises of the defendant, was tracked in and on to his place, and some

one was seen to be running this animal or some other one that corresponded in looks with it. This was on the defendant's premises, not far from where the animal was found dead. The animal was found partially under water, in a small stream, on the defendants premises, about one hundred to one hundred and fifty yards from his barn, and in sight of the barn. There was a bullet hole in the body, on the left side, above the left shoulder. Here, then, we have the dead body of the animal found, with a bullet hole in the body, under circumstances which exclude any inference of accident. We have the direct evidence of death and cogent and irresistible proof of violence, both obvious and certain; showing the existence of a criminal fact demanding an investgation. These facts proved, the *corpus delicti* is established, and the only remaining proposition material to the cause necessary to warrant the verdict returned was the connection of the defendant with the act, and this we think the evidence sufficiently establishes.

In the third assignment of error, complaint is made of instruction number three, given by the court below. This was an instruction upon circumstantial evidence, and the argument of plaintiff in error is that the error in this instruction lies in the failure of the court to tell the jury that in this case the Territory relied solely upon circumstantial evidence for conviction, and in that the instruction was misleading, and prejudicial to the defendant.

Where the prosecution relies solely no circumstantial evidence for conviction, we may concede that it is the duty of the court to instruct the jury upon its nature. Such evidence should be expressly defined, and the rules governing its effect concisely stated, but it is not required that a charge

upon such evidence be couched in any particular set of words or phrases. However, it would not seem from the record in this case that the Territory did in fact rely solely upon circumstantial evidence for conviction. It may be true that the evidence connecting defendant with the crime charged is wholly circumstantial, but as to the fact of death and cause of death, the testimony was both direct and positive, and it was the positive evidence of the fact of death and its wrongful cause, together and in connection with the circumstantial evidence tending to connect the defendant with the alleged crime, upon which the Territory relied for conviction. This being true, an instruction which embodied a charge that the Territory based its case upon circumstantial evidence alone, would, in effect, have taken from the jury a portion of that proper evidence upon which the prosecution must and did in fact rely.

No request for an instruction on circumstantial evidence was made, and the one given was by the court upon its own motion. It defined the nature of circumstantial evidence; it charged that such evidence is legal and competent, and justifies conviction if absolutely incompatible with innocence, and incapable of explanation upon any reasonable hypothesis other than that of guilt; it pointed out the degree of certainty required, as compared with or in connection with direct evidence, and this we think, under the circumstances, was all that was required, was in no wise misleading, and fully protected and guarded the rights of the defendant. The language of this instruction has been passed upon in the case of *Smith v. State,* 61 Neb. 296, 85 N. W. 49, and held correct.

The judgment of the court below is affirmed.

Beauchamp, J., who presided in the court below, not sitting; all the other Justices concurring.