[Crim. No. 535.   Third Appellate District.—October 28, 1920.]

## THE PEOPLE, Respondent, v. FRANK PURIO et al., Appellants.

[1] CRIMINAL LAW—ROBBERY—PEREMPTORY CHALLENGES ALLOWED DEFENDANT — CONSTRUCTION OF CODE.—Section 1070 of the Penal Code, allowing twenty peremptory challenges to a defendant charged with an offense punishable with imprisonment in the state prison for life, has no application to crimes, such as robbery, where the punishment, in the discretion of the court, may be less than life.

[2] ID.—ALIBI — INSTRUCTIONS — EVIDENCE—LACK OF PREJUDICE.—In this prosecution for the crime of robbery, while the court's instruction on the subject of an alibi as a defense was somewhat argumentative and might be regarded as unduly emphasizing the importance of care in considering the evidence on the subject, and as conveying a possible suggestion on the part of the court that the evidence on behalf of the defendants in favor of the alibi was fabricated, in view of the entire record, the conclusiveness of the evidence, the propriety and sufficiency of the other instructions given, and the fact that the defendants themselves requested a similar instruction, no prejudice resulted to the defendants from the giving of such instruction.

[3] ID.—NEW TRIAL — NEWLY DISCOVERED EVIDENCE — EFFECT OF — CONCLUSION OF TRIAL JUDGE—APPEAL.—Where the trial judge, after reading the affidavits submitted in support of a motion for new trial made on the ground of newly discovered evidence, concludes that if such evidence were offered at a new trial it would not produce a different result from that arrived at by the jury, and such conclusion is not at all unreasonable, his conclusion will not be disturbed on appeal.

[4] ID.—CONVICTION OF ROBBERY—SUFFICIENCY OF JUDGMENT.—In a prosecution for the crime of robbery, the jury having brought in a verdict of guilty, the action of the trial court in pronouncing judgment in the following form: "It is ordered, adjudged and decreed that you be taken hence by the sheriff . . . and be by him delivered to the proper authorities of the state prison at San Quentin and there to be confined, pending the determination of the proper authorities as to when you shall be released," is in conformity to the requirements of the law.

APPEAL from a judgment of the Superior Court of Merced County. E. N. Rector, Judge. Affirmed.

The facts are stated in the opinion of the court.

L. J. Schino, Wm. P. Toscano and F. E. Murphy for Appellants.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Respondent.

BURNETT, J.—Appellants were convicted of the crime of robbery and they appeal from the judgment and order denying the motion for a new trial. The evidence for the people showed that they entered a store kept by certain Chinese in the city of Merced and by the use of force and violence took quite a sum of money from the person of several of the Chinamen, including the owner, who were therein at the time. It was a brutal crime and there was strong and convincing evidence of the guilt of the defendants. They were positively identified by two of the Chinese. One of them made an admission which was virtually equivalent to a confession of guilt, and strong circumstantial evidence was introduced tending to connect the defendants with the commission of the crime. In fact, a careful reading of the record can leave little doubt that the verdict is just and should not be disturbed. The situation is such that we might with propriety disregard any of the alleged errors, upon the general ground that no prejudice has been shown to the substantial rights of any of the defendants. The assignments of error, however, have been carefully examined, and while numerous, and persistently urged by appellants, it can with confidence be said that nearly, if not quite, all of

them are destitute of any merit. If two or three of them may be questioned, they are matters of such slight importance as hardly to require serious consideration. Indeed, the attitude and conduct of the district attorney and of the trial judge seems to have been characterized by the greatest care and anxiety to protect and safeguard the rights of the defendants as well as to promote the welfare of the community. That appellants had a fair and impartial trial cannot be successfully controverted. And while we would be justified in affirming the conviction upon the foregoing statement, we proceed to notice a few of the objections that have been made by appellants.

[1] The action of the court in refusing to allow more than ten peremptory challenges is claimed as error under section 1070 of the Penal Code. It is contended that, since the crime of robbery may be punished by imprisonment in the state prison for life, the defendants, by virtue of said section, were entitled to twenty of such challenges. The said provision, however, applies only to cases where no shorter sentence may be imposed. It is not applicable where the punishment, in the discretion of the court, may be less than life. It therefore does not apply to the crime of robbery wherein the statute has provided that it is punishable by imprisonment in the state prison not less than one year. (Sec. 213, Pen. Code.) This has been decided by the supreme court in the following cases: *People* v. *Clough,* 59 Cal. 438; *People* v. *Riley,* 65 Cal. 107, [3 Pac. 413]; *People* v. *Sullivan,* 132 Cal. 94, [64 Pac. 90]. In *People* v. *Harris,* 61 Cal. 136, upon which appellants rely, it appears that the defendant was charged with robbery and also prior convictions and, therefore, under section 667 of the Penal Code, the information involved a charge which, if sustained by a verdict of conviction, would require the court to impose a life sentence without any discretion to reduce the term. It may be added that the recent change in the law providing for an indeterminate sentence has not affected the rule in reference to the number of peremptory challenges.

The action of the court in giving and refusing instructions, and also in modifying certain instructions proposed by defendants, is severely criticised. As to the instructions, it may be said that they contain comprehensive and accurate statements of every principle of law that was necessary for

the guidance of the jury. Every appropriate instruction proposed by defendants which was rejected by the court was substantially covered by the charge. **[2]** If any just criticism at all could be made of the action of the court in its directions to the jury, it would be based upon the use of the following language: "The fact, however, which experience has shown, that an alibi as a defense is capable of being and has been occasionally successfully fabricated; that even when wholly false its detection may be a matter of very great difficulty; and that the temptation to resort to this as a spurious defense may be very great—these are considerations attendant upon this defense which call for some special suggestion upon the part of the court. These are, that while you are not to hesitate to give this as a defense full weight, either as entirely satisfying you of the innocence of the defendants or as creating the reasonable doubt which entitles him to an acquittal, still, you are to scrutinize the testimony offered in support of an alibi with care, that you may be satisfied that a fabricated defense has not been imposed upon you." There may be some doubt as to the propriety of such caution on the part of the court. The instruction is somewhat argumentative and might be regarded as unduly emphasizing the importance of care in considering the evidence on the subject, and as conveying a possible suggestion on the part of the court that the evidence in behalf of defendants in favor of the alibi was fabricated. It is to be observed, however, that the court in this and other instructions clearly told the jury that they were to give fair consideration to such evidence, and that if it created a reasonable doubt as to the guilt of the defendants, or any of them, they should not hesitate to find a verdict of not guilty. We may remark, also, that an instruction was requested by defendants which assumed that such evidence was easily fabricated and difficult to disprove. It could be said, therefore, that appellants are in no position to complain at the use of this language by the court since they themselves invited it. At any rate, in view of the entire record, it can be safely said that no prejudice resulted to defendants by reason of any questionable phrase that may have been used by the court.

**[3]** Another matter that may receive brief attention is an affidavit that was filed by defendants on their motion for

a new trial. This was made by Lino Piazzi, Louie Nolan, and Walter Palmer, in which they deposed that they conversed with one Yee Chung on the twenty-first day of May, at the hour of 5:30 o'clock P. M., in the city of Merced, in which he uttered the following words: "Make no difference to me. More better let them go. No look like same man anyhow. No good send 'em jail." The matter of granting the motion for a new trial upon the ground of newly discovered evidence so largely rests in the discretion of the trial court that an appellate court would require a stronger showing than was made herein to reverse an order denying such motion. The statements contained in said affidavit are so uncertain and inconsequential and the affidavit was obtained under such suspicious circumstances as to entitle it to little consideration. Even giving full force and credit to said affidavit, it would still remain for the trial judge to determine whether, in his opinion, if such evidence were offered at a new trial, it would produce a different result from that arrived at by the jury. He undoubtedly concluded that the defendants would be convicted again and we think such conclusion is not at all unreasonable. Besides, this purported conversation appears to have taken place during the trial and the day before the case was submitted to the jury. There is no reason shown why it was not immediately called to the attention of the court, and for this apparent want of diligence the action of the court was justified.

[4] Appellants seem to question the sufficiency of the judgment, which was in the following form: "It is ordered, adjudged and decreed that you be taken hence by the sheriff of the county of Merced, and be by him delivered to the proper authorities of the state prison at San Quentin and there to be confined, pending the determination of the proper authorities as to when you shall be released." In explanation of the form the court said: "It must be an indeterminate sentence. The court cannot fix any time at all. The authorities at San Quentin fix the term."

It may be remarked that no objection was made by defendants or any of them at the time to the form of the judgment. However, the action of the court was in conformity to the requirement of the law (sec. 1168, Pen. Code; Stats. 1917, p. 665) as construed by this and the supreme

court. (*People* v. *Lee,* 36 Cal. App. 334, [172 Pac. 158] ; *People* v. *Mendosa,* 178 Cal. 509, [173 Pac. 998).)

We have not deemed it necessary to review specifically the rulings of the court upon the admissibility of evidence, as they involve simple and familiar rules of practice that have often been enunciated and must be deemed clearly established.

The judgment and order are legally sound and are, therefore, affirmed.

Prewett, P. J., *pro tem.,* and Hart, J., concurred.