[Cr. A. No. 226. Appellate Department, Superior Court, Los Angeles County.—January 16, 1930.]

THE PEOPLE, Respondent, v. FRANK FIMBRES, Appellant.

(1 Cal. Supp. 30.)

Ivan Kelso, L. D. Stahl and Albert E. Wheatcroft for Appellant.

Buron Fitts, District Attorney, and Tracy Chatfield Becker, Deputy District Attorney, for Respondent.

SHAW, J.—Defendant was prosecuted in the Recorder's Court of Lynwood on a complaint charging that he was operating an automobile on a public highway and "did then and there run into and damage on the public highway certain personal property, to-wit, a dog, and did fail and refuse and neglect to stop said motor vehicle to render aid contrary to Sec. 141-B of the C. V. A." The evidence showed that defendant ran over two dogs, which died of their injuries, that he did not stop but drove on a distance of seven blocks and was then stopped by the owner of one of the dogs, to whom he gave his name and address. At the close of the case for the prosecution defendant moved to dismiss upon the ground that the complaint did not state nor the evidence show facts constituting any public offense. This motion was denied and on appeal he assigns the ruling as error.

There is no section 141–B of the California Vehicle Act, but section 141 thereof contains a subdivision (b), which is doubtless intended by the reference in the complaint. It provides that "the driver of any vehicle involved in an accident resulting in damage to property shall immediately stop such vehicle at the scene of such accident and shall fulfill the requirements of subdivision (c), and any person failing to stop or to comply with said requirements under such circumstances shall be guilty of a misdemeanor." Subdivision (c) here mentioned reads as follows:

"The driver of any vehicle involved in any accident resulting in injury or death to any person or damage to property shall also give his name, address and the registration number of his vehicle and exhibit his operator's or chauffeur's license to the person struck or the driver or occupants of any vehicle collided with and shall render to any person injured in such accident reasonable assistance, including the carrying of such person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or such carrying is requested by the injured person."

■ A dog is regarded in this state as property (*Roos v. Loeser*, 41 Cal. App. 782 [183 Pac. 204]), and hence an accident in which a dog is injured comes within the words of subdivision (b). The same is true of any other domestic animal. In construing subdivisions (b) and (c) it should be noted that by subdivision (a) of the same section the driver of a vehicle involved in an accident resulting in injury to or death of a person is also required to stop and to comply with subdivision (c). This indicates, as does the language of subdivision (c), that the latter is to have a distributive construction, by which the requirement of the last clause thereof, relating to rendering aid, is limited to those cases mentioned in subdivision (a) where a person is injured. ■ Manifestly, a dog or other animal is not a person; consequently the provision of subdivision (c) as to rendering aid cannot be applied to cases where a dog or other animal is injured.

The first clause of subdivision (c) begins by referring to accidents resulting in damage to "property," and this word, if it stood alone, would include dogs and other animals here also; but this clause must be construed as a whole, and when

we inquire what is to be done by the person involved in such an accident we find that he is to give his name and address and the registration number of his vehicle and exhibit his operator's license "to the person struck or the driver or occupants of any vehicle collided with." A dog, or any other animal, not being a person, cannot qualify as "the person struck." Dogs and other animals are not found driving vehicles on the highways, so we hardly think the legislature meant to include them in the term "driver of any vehicle"; and in view of the utter futility of submitting a written document to the inspection of a dog or other animal the term "occupant" must also be limited to persons. It may be that "every dog has his day"; but if so, it is only a "dog day" and does not entitle him to claim the rights of persons. Hence there was no duty resting on defendant under subdivision (c) of section 141.

The question still remains whether subdivision (b) required defendant to stop on striking and injuring the dogs. As already stated, they were property, and the case was thus within the terms of the subdivision. The provision is that in such cases the driver "shall immediately stop *and* shall fulfill the requirements of subdivision (c)." Here are two separate commands, neither of which is expressly conditioned upon the other; and they are shown not to be so conditioned by the subsequent provision that "any person failing to stop *or* to comply with said requirements" shall be guilty of a misdemeanor. The stopping must, of course, precede the compliance with subdivision (c), and one reason for it, no doubt, is to facilitate such compliance; but we are unable to say that this is the only reason which the legislature had in mind in requiring a stop. In cases where nothing is to be done under subdivision (c), e. g., those where, as in the case at bar, an animal is struck, or where inanimate property is damaged without a collision of vehicles, a stop by the driver of the car doing the damage may serve a useful purpose. It may perhaps minimize the damage, or enable the owner of the property, or other persons who may act in his interest, to learn the identity of the person driving the car, even though the driver is not required to do any affirmative act by way of disclosing his identity. We think, therefore, that the driver of any vehicle involved in an accident resulting in damage to prop-

erty is required to stop immediately, even though, under the circumstances, he may not be required to do anything further after he has stopped. The complaint here sufficiently charges that defendant failed to stop, and the following words "to render aid" should be disregarded as surplusage. They do not detract from the force of the statement that defendant failed to stop. But if there were any uncertainty in the complaint in this respect it would not be ground for a reversal, in view of the complete proof that defendant made no stop at the time of the accident, and the provisions of section $4\frac{1}{2}$ of article VI of the Constitution.

The judgment is affirmed.

McLucas, P. J., and Bishop, J., concurred.