[Civ. No. 17470. First Dist., Div. Two. Jan. 8, 1958.]

JOHN SHEHTANIAN, JR., Respondent, v. WESLEY J. KENNY et al., Appellants.

Campbell, Custer, Warburton & Britton, Frank L. Custer and W. R. Dunn for Appellants.

Boccardo, Blum, Lull, Niland & Teerlink and Edward J. Niland for Respondent.

DRAPER, J.—Defendants appeal from judgment upon jury verdict in favor of plaintiff in this personal injury action. The two vehicles involved in this accident, a tractor-trailer combination driven by appellant Kenny and a coupé driven by respondent, were traveling south on South First Street

in San Jose. The commercial vehicle was in the inner lane (that nearest the double line) and the coupé was in the outer lane. The tractor moved to its right, struck the coupé, and forced it into collision with a car parked at the curb.

Respondent contends that the tractor-trailer overtook the coupé and, in passing it, swung to the right to cause the collision. Appellants suggest that respondent overtook the tractor and attempted to pass it on the right after its turning movement had begun. This view is supported by no direct evidence, and is based wholly upon inference. ■ In the light of this conflict, appellants contend that it was error to give the "to look is to see" instruction (BAJI 140). This instruction has been approved as to form (*Fabela* v. *Hargis*, 147 Cal.App.2d 809 [305 P.2d 901]; *Gilbert* v. *Pessin Grocery Co.*, 132 Cal.App.2d 212 [282 P.2d 148]). But appellants contend that, on the evidence here, the instruction amounted to an argument that respondent's car was in fact seen by appellant driver when the latter looked into his rear-view mirror before beginning his movement to the right. But it could equally be asserted to be an argument that respondent in fact saw the tractor turning toward him in ample time to avoid the collision. The instruction removed no issue from jury consideration, and was not error.

■ Appellants also complain of an instruction that conduct in violation of either of two sections of the Vehicle Code constitutes "negligence as a matter of law." The code sections which were read to the jury provide that "A vehicle shall be driven as nearly as practical entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety" (Veh. Code, § 526, subd. (a)), and "No person shall . . . move right or left upon a roadway unless and until such movement can be made with reasonable safety . . ." (Veh. Code, § 544, subd. (a)). Appellants seem to argue that the instruction gives the jury a penal provision as a rigid standard, without regard to negligence or due care. But each of these code sections in itself contains the element of reasonable care, the first in fixing the standard "as nearly as practical," and the other in requiring but "reasonable safety." ■ In any event, the rule is well established that failure to act within the standards fixed by the Vehicle Code is negligence *per se* (*Satterlee* v. *Orange Glenn School Dist.*, 29 Cal.2d 581 [177 P.2d 279]). ■ It is, of course, proper to instruct that failure to comply with a section of this code may, under all

the facts, be justifiable or excusable. But here there is no evidence of excuse or justification. Even if there were such evidence, appellants' complaint is foreclosed by their failure to request instructions qualifying the rule correctly stated in the instructions given (*Miller* v. *Jensen*, 137 Cal.App.2d 251 [290 P.2d 52] ; *Mehling* v. *Zigman*, 116 Cal.App.2d 729 [254 P.2d 141] ).

A principal question in this case was whether appellant Kenny drove the tractor-trailer combination at the time of the collision as the employee of appellant Daniel E. Entz, doing business as Entz Trucking and Grain Company. Both Kenny and Entz are residents of Kansas. Neither appeared at the trial.

Since agency cannot be proven by the extrajudicial statement of the agent (*Hilyar* v. *Union Ice Co.*, 45 Cal.2d 30, 42 [286 P.2d 21] ), the trial court correctly excluded evidence of Kenny's statement to a police officer as to the name of his employer. There was, however, evidence that the tractor bore on its side the name "Entz Trucking and Grain," and carried Kansas license plates. There was also evidence that Truck Dispatch Service arranged for cargo for the tractor-trailer from San Jose to midwestern points on a trip commencing on the date of the collision here in issue. Business records of Truck Dispatch Service were introduced, including a "settlement sheet" showing the amount due the trucker, and two stubs of checks to Entz Trucking and Grain totaling this amount. Also introduced was a cancelled check of Truck Dispatch Service to Entz Trucking and Grain, endorsed to a Kansas bank by "Entz Trucking and Grain Co., Daniel E. Entz." There was evidence of the Truck Dispatch practice of mailing settlement check to the trucker promptly upon receiving receipted bills for the goods shipped. The evidence thus warranted the inference that Entz received the transportation fee charged for the very trip in which this collision occurred. This direct financial connection of Entz to the use of this commercial vehicle makes a much stronger showing of agency and scope of employment than those presented in *Smith* v. *Deutsch*, 89 Cal.App.2d 419 [200 P.2d 802], and *Nash* v. *Wright*, 82 Cal.App.2d 467 [186 P.2d 686], both holding that there were sufficient facts to go to the jury. Appellants' failure to offer any evidence upon this issue, although production of such evidence was clearly within their power, raises the inference that the evidence, if produced, would have been adverse to them (*Tieman* v. *Red*

*Top Cab Co.*, 117 Cal.App. 40, 46 [3 P.2d 381]; see also Code Civ. Proc., § 2061, subd. 6). Thus there was no error in the denial of appellants' motion for nonsuit in the case at bar.

But, argue appellants, there was error in the admission in evidence of that portion of the settlement sheet showing the signature "Entz Trucking & Grain by Wesley J. Kenny." To the extent that this shows the agency of Kenny for Entz it is but an extrajudicial statement of the agent, and is inadmissible under the authority heretofore cited. Respondent argues that the settlement sheet was admissible under the Uniform Business Records as Evidence Act. But that act does not alter the rules of relevancy and competency. It merely provides a method of proof of facts otherwise admissible (*Hoel* v. *City of Los Angeles*, 136 Cal.App.2d 295, 309 [288 P.2d 989]; *McGowan* v. *City of Los Angeles*, 100 Cal.App.2d 386, 392 [223 P.2d 862, 21 A.L.R.2d 1206]). Thus this portion of the sheet was inadmissible as against Entz. However, the signature of Kenny, constituting an admission that he was the driver of the vehicle described in the settlement sheet, was admissible against him, in view of the denial in his answer that he drove the tractor. Since the evidence was admissible for this purpose, the fact that it was inadmissible as to Entz does not render its reception erroneous (*Lampton* v. *Davis Standard Bread Co.*, 48 Cal.App. 116, 119-120 [191 P. 710]; see also *Taylor* v. *Oakland Scavenger Co.*, 17 Cal.2d 594, 605 [110 P.2d 1044]; 18 Cal.Jur.2d 564). Had appellant Entz asked the court to instruct the jury that the reverse side of the settlement sheet, on which the signature appeared, was admitted for the limited purpose just suggested, he would have been entitled thereto. However, having failed to request such instruction, he cannot now complain (*Hatfield* v. *Levy Brothers*, 18 Cal.2d 798, 810 [117 P.2d 841]; *Barsha* v. *Metro-Goldwyn-Mayer*, 32 Cal.App.2d 556, 562 [90 P.2d 371]; 18 Cal.Jur.2d 566).

Appellants also assert error in the instructions upon the subject of agency, arguing that one instruction authorized recovery upon proof of general agency, without a finding that the driver was acting within the course and scope of his employment at the time of the collision. We have reviewed the instructions, and are satisfied that, as a whole, they properly set out the conditions under which Entz could be held liable as principal. Instructions to the jury must be considered in their entirety, and one is not to be segregated

from the group for the purpose of microscopically critical appraisal (*Estate of Volen*, 121 Cal.App.2d 161, 164 [262 P.2d 658]; *Bassett* v. *Crisp*, 113 Cal.App.2d 295, 306 [248 P.2d 171]). Viewed in the light of this rule, the instructions were proper. If minor error is shown in one instruction it is not, in view of the instructions as a whole, prejudicial to appellants.

Finally, appellants contend that the award of $12,500 damages is so excessive as to require reversal. Respondent sustained injuries to his ankle, back and shoulder. The ankle continued to pain him at time of trial, some 18 months after the injury. Although special damages to time of trial were not large, there was evidence that an operation upon the ankle would be required thereafter. The estimated cost of this surgery was $1,500, and it would result in total disability for a period of one year, and partial disability for six months more. Respondent was earning $4,500 per year at time of trial. Thus in loss of earnings and expenses incident to surgery a loss of at least $6,000 would be sustained. The fixing of damages is peculiarly the function of the trial court. Here the jury has performed that function, and the trial judge has reviewed its action on motion for new trial. Under the facts of this case, an appellate court will not interfere (*Sexton* v. *Key System Transit Lines*, 144 Cal.App.2d 719, 722 [301 P.2d 612]; *Hallinan* v. *Prindle*, 17 Cal.App.2d 656, 671 [62 P.2d 1075]; *Harris* v. *Lampert*, 131 Cal.App.2d 751, 752 [281 P.2d 292]).

Appellants argue also that the present condition of respondent's ankle is due solely to an earlier football injury, and not to this accident. There is evidence that the injury sustained in this collision aggravated the preexisting condition. The jury was properly instructed that such aggravation is a proper element of damages (*Rideau* v. *Los Angeles Transit Lines*, 124 Cal.App.2d 466 [268 P.2d 772]). We must assume that the jury rejected evidence that the football injury was the sole cause of the present condition. Upon the conflicting testimony, that determination was for the jury.

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied February 7, 1958.