[Civ. No. 18124.   First Dist., Div. Two.   Oct. 6, 1959.]

STANLEY DEVINCENZI, Appellant, v. DOUGLAS LOVEJOY FAULKNER, Respondent.

Gupta & Gupta, Kamini Gupta and Harold R. Hayes for Appellant.

Palmer & Grundstrom, Clark M. Palmer, Jr., and Ed. V. Grundstrom, Jr., for Respondent.

DRAPER, J.—The normally peaceful coexistence of humans and canines was suddenly shattered on a late June afternoon in 1954. This litigation results.

Plaintiff owned two Great Danes. The male, "Colonel Cal," weighed 135-145 pounds. His mate was slightly smaller. This pair entered defendant's yard and attacked his dog, a cocker spaniel which weighed about 35 pounds. There is evidence that the Danes had seized opposite ends of the cocker and were seeking to pull him apart. A cool-headed neighbor fired a shotgun at the ground and frightened the Danes away. Defendant placed his injured spaniel in his car to take him to a veterinarian. En route, defendant saw plaintiff's two dogs trotting along the road. At some distance from them, a 15-year-old boy was riding a bicycle. The boy stopped and dismounted. Defendant testified that the dogs increased their speed and headed toward the boy. Defendant drove his car against Colonel Cal, causing injuries from which the dog died. Defendant did not stop, but continued to the veterinarian's office, where he left the spaniel and returned to the scene of the collision. Plaintiff brought this action for damages

resulting from the death of Colonel Cal, seeking $15,000 general damages plus exemplary damages. Jury verdict was for defendant. Plaintiff appeals from the ensuing judgment.

Plaintiff first asserts error in the giving of an instruction based on Civil Code, section 3341, subdivision 2. That section permits the killing of a dog or dogs found in the act of ''worrying, wounding, or killing'' specified animals. A dog is not one of the named animals who may be so protected. Thus this portion of the instruction had no possible application to any facts of the case at bar, and was erroneous. The instruction also erred in instructing upon the right to kill a dog immediately pursued from the scene of the ''worrying, wounding, or killing'' by the dog. There was no evidence to sustain a finding of such immediate pursuit in this case. However, the two erroneous elements we have referred to were in fact proposed by plaintiff. An appellant cannot complain of instructions given at his own request. (*People v. Rubio,* 75 Cal.App.2d 697, 710 [171 P.2d 737].)

The trial court did add to this instruction language not proposed by plaintiff, as follows: ''This rule also applies to a dog found in the act of killing other domestic animals, such as other dogs.'' Plaintiff asserts error in this addition. Technically, this constitutes error, since section 3341 does not extend to protection of a dog attacked by another dog. In the light of the common law rule that domestic animals generally may be so protected (*Sabin v. Smith,* 26 Cal.App. 676, 678 [147 P. 1180]), there is room to doubt that this portion of the instruction was prejudicial. In any event, the addition was clearly invited by plaintiff's offer of the major part of the instruction. Plaintiff, at oral argument before this court, explained that the instruction was offered to show the jury what law was not applicable to the case before it. We cannot hold that the trial court was required to discern this novel theory of instruction. Rather, that court was entitled to assume some relevancy in the offered instruction and to attempt to relate it in some way to the facts in issue.

The error was invited by plaintiff and thus cannot be asserted by him on appeal. (*Blythe v. City & County of San Francisco,* 83 Cal.App.2d 125, 132 [188 P.2d 40]; *People v. Purio,* 49 Cal.App. 685, 688 [194 P. 74].)

Plaintiff claims error in the instructions upon nuisance and the right of abatement thereof. He argues that the code provision (Civ. Code, § 3341) specifically covers the situation here presented, and thus excludes the operation of the more

general code provisions dealing with nuisance. This argument is entirely disposed of by the decision in *Sabin* v. *Smith, supra,* 26 Cal.App. 676. Plaintiff also argues that nuisance can be predicated only upon repeated or continuous acts. We need not determine the validity of this argument. Plaintiff does not attack the accuracy of the instructions upon nuisance and its abatement. If he felt that additional instructions were required to qualify or enlarge upon the court's accurate definition of nuisance, it was his obligation to propose them. Having failed to do so, his complaint on appeal is foreclosed. (*Shehtanian* v. *Kenny,* 156 Cal.App.2d 576, 580 [319 P.2d 699]; *Miller* v. *Jensen,* 137 Cal.App.2d 251, 257-258 [290 P.2d 52].)

Plaintiff also argues that even if his dog could be deemed a nuisance, defendant cannot rely upon the statute authorizing abatement. He points out that one may abate a nuisance only "without committing a breach of the peace" (Civ. Code, §§ 3495, 3502). Since defendant admittedly failed to stop after his car struck the dog he violated Vehicle Code, section 481, subdivision (a). Plaintiff argues that this violation constitutes a breach of the peace, and thus precludes reliance upon the sections authorizing abatement. ■ There is no question that a dog is "property" within the meaning of the Vehicle Code section. (*People* v. *Fimbres,* 107 Cal.App.Supp. 778 [288 P. 19].) ■ But not every violation of a statute is a breach of the peace. Rather, such breach refers primarily to a disturbance of the public peace and tranquility. (*People* v. *Anderson,* 117 Cal.App.Supp. 763, 767 [1 P.2d 64]; 9 Cal. Jur.2d 19-24.) ■ It would be difficult to say, as a matter of law, that a failure to stop one's vehicle after striking a dog is, in all circumstances, a breach of the peace. In any event, the breach of the peace which must be avoided in abatement of a nuisance seems clearly to be a part of the act of abatement. Here the failure to stop followed, and was not a part of, the striking of the dog. We hold that it does not deprive defendant of the right to assert that he acted in abatement of a nuisance.

■ The court also instructed that one is "privileged to destroy an animal for the purpose of defending himself or third persons against harm threatened by the animal, (a) if its actions led him to know or reasonably believe that the animal would inflict such harm and (b) the destruction was reasonable in view of the gravity of the harm threatened and (c) the person reasonably believed the harm could be

prevented only by immediate destruction of the animal." Plaintiff asserts this is erroneous. We cannot agree. It is based upon the Restatement (Rest., Torts, § 275, comm. c). As plaintiff points out, there are no California cases directly upon this point. But this does not prevent the application of a reasonable and fair rule by our courts. Plaintiff also argues that the instruction erroneously applies a "subjective" test. It does not. The standard used is that of the reasonable man in defendant's position. There is a division of opinion as to whether one who uses force upon another human in defense of a third person takes the risk that the person defended in fact has the right to use force in self-defense (Prosser on Torts [2d ed.], § 20, p. 92). But plaintiff cites no authority extending this rule to the use of force against animals. We see no reason so to extend the rule.

▮ Defendant testified that he believed the dogs were about to attack the 15-year-old boy. He testified to facts apparent to him which would make such belief reasonable. There was much conflicting evidence, but it is apparent that the jury accepted the view that defendant acted reasonably to protect the boy. That issue of fact was for the jury, and not for this court. In view of the jury's determination, we have no hesitancy in holding that defendant's acts find justification in the law.

Judgment affirmed.

Dooling, Acting P. J., and Stone, J. pro tem.,* concurred.

A petition for a rehearing was denied November 5, 1959.

---

*Assigned by Chairman of Judicial Council.