[Civ. No. 6408. Fourth Dist. July 30, 1963.]

THE PEOPLE ex rel. THE DEPARTMENT OF PUBLIC WORKS, Plaintiff and Respondent, v. ORSON P. JONES et al., Defendants and Appellants.

Orfield, Thompson & Bunker and R. G. Sullivan for Defendants and Appellants.

George C. Hadley, Paul E. Overton, Charles E. Spencer, Jr., Dale Peterson and Robert E. Reed for Plaintiff and Respondent.

COUGHLIN, J.—The sole issue on this appeal is whether certain instructions in an eminent domain proceeding were prejudicially erroneous.

After the jury initially had retired to deliberate, it returned to the court on two different occasions; on the first presented three questions by which it elicited instructions upon the law; and on the second occasion presented an additional four questions by which it elicited further instructions.

The first two questions so presented indicated that the jurors wanted to know whether, in determining the issue of value and damages, they were "bound" to accept the opinion of witnesses who had testified, or whether they could "arrive at a figure" they considered "to be equitable." The court told them that they were "'bound by all of the evidence in the case"; could not substitute their own ideas exclusive of this evidence; might not close their eyes to the evidence and decide the case in accord with their own ideas; were not "bound" to find in accord "with the testimony of any specific witness"; could not place a valuation on the property based on their own estimates or ideas but "in effect" were "bound by the testimony in the case that has been in-

troduced, either by one side or the other''; and gave them an example applying the law as stated. Thereupon the trial judge invited suggestions from counsel; engaged in a discussion between them outside the presence of the jury, during which the attorney for the defendants stated his position that the jurors "are bound by the evidence in the case" and "are not entitled to substitute their estimate of what they think would be equitable"; and then reinstructed the jurors in response to the questions theretofore considered by telling them that they were "bound by the evidence in the case—that includes the testimony of all witnesses—by all evidence in the case as well as testimony,'' and that they were not entitled to arrive at a figure they considered to be equitable, and that the evidence must control their decision, "not a mere guess, not a mere speculation, not a mere figure that you should pull out of the air." At this juncture one of the jurors posed a further question, viz., "Do we have to select one witness and take his figure or do we accept the range and find as we believe?'' A further discussion between Court and counsel outside the presence of the jurors ensued at which all parties agreed that it would be proper to instruct that the jurors could, but were not compelled to select the testimony of one witness; instructions given as part of the original charge were reconsidered; and the trial judge indicated his intention to reread an instruction selected therefrom by counsel for the defendants. In accord with this discussion the judge advised the jury that they could, but were "not compelled to select one witness and take his figures," and reread the instruction referred to, which stated, in substance, that the jury should consider all of the opinions of market value and damages as given by all witnesses; should weigh them, consider the reasons given therefor, and determine the market value and damages to be allowed as compensation; and that in doing so they were to consider all of the evidence, and might exercise their own judgment acquired through experience and observation. After this instruction was read, counsel for the defendants made the following statement in the presence of the jury: ". . . the exercise of judgment and general knowledge of the subject and experience relates to judging the evidence and not substituting their own opinion for that. In other words, they use their knowledge; they use their experience to test the evidence and to test the witnesses, but not to substitute their own opinion." In response, the court said: "The statement

of counsel in that regard is definitely correct and you may consider. it as an instruction." The jury then retired for further deliberation.

About three hours later the jury returned to the court-room and posed the following question: "May we reach a figure between the high and the low figures given by the witnesses basing our decisions on consideration of all the witnesses?" Thereupon, court and counsel engaged in an extensive discussion of many phases of the law raised by the question thus presented; appeared to arrive at an agreement respecting further instructions; and, at the close thereof, the court advised the jury that they might "consider the range between the low and the high of the witnesses you believe whose credibility satisfies you, if supported by the evidence in the case," and reread a number of instructions given as part of the original charge. Following this, the jury submitted three other questions which, as analyzed by the attorney for the defendants and expressed to the court, indicated that the jury wanted "to set up its own figures." All parties agreed upon answers to the last three questions and the court instructed the jury accordingly. The discussion between court and counsel respecting the four questions which were submitted when the jury returned to court the second time consumed the better part of two hours.

From the whole record it appears that the jurors, or some of them, were concerned about the method of evaluating the opinion testimony respecting market value and damages; whether they were required to base their verdict on any one opinion; whether they could reject the opinion testimony in toto and decide the case on their own evaluation; and whether they could decide upon a figure which would be within the range of figures submitted by the opinion witnesses, but not the exact figure given by any particular witness. On the other hand, it appears that the attorneys for both parties believed that the jury wanted to make an independent evaluation regardless of the evidence; were inclined to arrive at a "quotient verdict"; and should be instructed to consider the opinion testimony and the reasons given therefor, and to base their verdict only on the evidence.

After receiving the court's final charge the jury again retired to deliberate; shortly thereafter reached a verdict; and then returned to court.

The defendants appeal from the judgment entered on the verdict, and urge a reversal upon the ground that the

instructions heretofore considered were conflicting and confusing in that they advised the jury that it was bound by the testimony of all witnesses; was ''bound by the testimony in the case that has been introduced, either by *one* side *or the other*'' (italics ours); and was not bound by any specific witness, but might select the testimony of a single witness as the basis for its decision. The excerpts from the instructions cited in support of the defendants' contention are taken out of context. When considered as a whole, the instructions were not conflicting or confusing in the indicated area. The jurors were told, in substance, that they were required to consider all of the evidence, rather than that of one side only, as claimed by the defendants; to base their verdict on the evidence; to judge the credibility of all of the witnesses and the weight to be given their testimony; and might but were not required to accept the testimony of any particular witness. At times, the court used the term ''bound,'' to describe the obligation of the jury to consider all of the testimony, e.g., stated that the jury was ''bound by all of the evidence in the case.'' The use of this term by the court undoubtedly is attributable to its use by the jury in its question as to whether they were ''bound'' to accept the figures quoted by the opinion witnesses; also to the statement by counsel for the defendants, which was made in the course of his discussion with the court, when he urged that the jurors be instructed that ''they are bound by the evidence in the case.'' It is clear from a consideration of all of the instructions that the jury must have understood that they were bound to consider all of the evidence in the case, including all of the testimony, but that they were not bound to accept it. For example, in one of the instructions the court specifically told the jury that it was to consider all of the opinions of market value and damages but was ''not bound by any one or more of such opinions.''

That part of a sentence in one of the instructions which advised the jury that it could not place a valuation on the property based on its own estimates but was ''in effect, bound by the testimony in the case that has been introduced, either by one side or the other,'' in the light of other instructions, obviously, referred to the testimony in the case *whether* introduced by one side or the other.

The objections made are hypercritical. ▮ Instructions are to be considered as a whole (*McCormack* v. *City &*

*County of San Francisco,* 193 Cal.App.2d 96, 103 [14 Cal. Rptr. 79]; *Demangos* v. *Cannon,* 187 Cal.App.2d 624, 628 [10 Cal.Rptr. 24]); should not be dissected ''for the purpose of microscopically critical appraisal'' (*Shehtanian* v. *Kenny,* 156 Cal.App.2d 576, 582 [319 P.2d 699]); and do not give rise to reversible error merely because some of the sentences therein may appear to be in conflict. (*Popejoy* v. *Hannon,* 37 Cal.2d 159, 168 [231 P.2d 484]; *Wells* v. *Lloyd,* 21 Cal.2d 452, 458 [132 P.2d 471].)

As heretofore noted, the jury, in substance, asked the court whether it could substitute its ''equitable evaluation'' for that expressed by the opinion witnesses and, not being permitted to do so, whether it might determine an evaluation from the evidence which was within the range of figures submitted by those witnesses although not in an amount specified by any particular witness. It did not express any concern respecting that area of the instructions about which the defendants complain on appeal.

In support of their position that those portions of the instructions to which they object actually confused the jury, the defendants submitted to the trial court, on their motion for a new trial, the affidavits of three of the jurors, two of whom had voted against the verdict.

''It is the general rule in California that affidavits of jurors may not be used to impeach a verdict.'' (*Kollert* v. *Cundiff,* 50 Cal.2d 768, 772 [329 P.2d 987]; *Sopp* v. *Smith,* 59 Cal.2d 12, 14 [27 Cal.Rptr. 593, 377 P.2d 649].)

This rule applies to an attempt to impeach a verdict by showing that some of the jurors stated that they were confused by the court's instructions. (*Haber* v. *Miller,* 191 Cal. App.2d 543, 546 [12 Cal.Rptr. 854]; *Rose* v. *Tandowsky,* 80 Cal.App.2d 927, 931 [183 P.2d 347].) As an aside, it behooves this court to remark, after a consideration of the record in this case, that if the three jurors in question were confused in the areas indicated in their affidavits, their confusion was caused by something other than the instructions of the court.

Furthermore, it also appears that the attorney for the defendants participated in formulating the substance, and in several instances even the phraseology, of the instructions given; objected to and participated in rephrasing some of them after they had been given because he believed that, as stated, they were confusing; on two occasions made statements in the presence of the jury respecting the

law, which the court adopted as its instructions; and made no objection to that part thereof about which complaint is made on this appeal. Under the doctrine of invited error, the defendants are foreclosed from objecting to these instructions on the grounds now urged. (*Pobor* v. *Western Pac. R.R. Co.,* 55 Cal.2d 314, 320 [11 Cal.Rptr. 106, 359 P.2d 474]; *Nevis* v. *Pacific Gas & Elec. Co.,* 43 Cal.2d 626, 629-630 [275 P.2d 761]; *Jentick* v. *Pacific Gas & Elec. Co.,* 18 Cal.2d 117, 121 [114 P.2d 343]; *Devincenzi* v. *Faulkner,* 174 Cal. App.2d 250, 253 [344 P.2d 322, 74 A.L.R.2d 764]; *Carlson* v. *Glanville,* 170 Cal.App.2d 246, 249 [338 P.2d 580].) In addition, the failure of defendants' counsel to object to the instructions in question, under the particular circumstances heretofore related, constituted a waiver of any objection thereto upon the ground that they were contradictory or confusing. (*Valentine* v. *Kaiser Foundation Hospitals,* 194 Cal.App.2d 282, 290-291 [15 Cal.Rptr. 26]; *Downing* v. *Silberstein,* 89 Cal.App.2d 838, 844 [202 P.2d 91].) No reversible error appears.

The judgment is affirmed.

Griffin, P. J., and Brown (Gerald), J., concurred.