Larry MAYNARD, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–79–685.

Court of Criminal Appeals of Oklahoma.

Feb. 19, 1981.

Frank H. McCarthy, Asst. Public Defender, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., William S. Flanagan, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Presiding Judge:

The appellant, Larry Maynard, was convicted of Shooting With Intent to Kill, After Former Conviction of a Felony, in the District Court of Tulsa County, Case No. CRF–76–156 pursuant to 21 O.S.1971, § 652, now 21 O.S.Supp.1980, § 652 and 21 O.S. Supp.1980, § 51. The jury assessed punishment at twelve (12) years' imprisonment.

On the night of January 16, 1976, Officer Carl Stoops, Tulsa Police Department, while on street patrol, stopped two men after observing them milling around the hallway of an apartment building. One of the suspects identified himself as Ronnie Maynard and the other person, later identified by the police officers as the appellant, gave the name "Haney."

Officer Cleary drove up and was informed of the situation. All four of the men rode in the police car to a car Ronnie Maynard indicated that he was driving. Officer Stoops testified that he looked in that car and observed a purse half full of change lying open on the seat. He then turned, saw the appellant pull a metallic object from his pants and screamed to Officer Cleary: "The S.O.B. has got a gun." As the officers scrambled for cover, the appellant fired a shot and began to run. Officer Cleary testified that he observed a white,

roundish ball of fire flash from the weapon indicating that he was in the direct line of fire. The appellant fired a second shot and the officers returned fire. The appellant escaped and was not apprehended that night. No one was injured.

We will first consider the appellant's last assignment of error in which he claims that the evidence was insufficient to justify a conviction and the trial court erred in overruling his motion for a directed verdict. A motion for directed verdict, in substance, admits the facts the evidence tends to prove. Where there is any competent evidence reasonably tending to sustain the allegations of the charge, the trial court should not sustain a motion for directed verdict. *Byrne v. State*, 482 P.2d 620 (Okl. Cr.1971). This Court finds that the trial court correctly overruled the motion for directed verdict.

Furthermore, this Court has held that if the appellant complains of insufficient evidence and asserts error from the overruling of his motion for directed verdict, the Court of Criminal Appeals will look to the entire record. *Walker v. State*, 512 P.2d 208 (Okl.Cr.1973). After a review of the record, we find there was substantial evidence presented from which the jury could conclude the appellant, Larry Maynard, shot at Officer Cleary with intent to kill. As stated in *Jones v. State*, 468 P.2d 805 (Okl.Cr.1970), where competent evidence is found in the record from which the jury could reasonably determine the guilt of the appellant, the Court of Criminal Appeals will not interfere with the verdict as it is within the exclusive province of the jury to weigh the evidence and determine the facts.

Secondly, the appellant contends the trial court erred by continually permitting the district attorney and State's witnesses to refer to the appellant's possible involvement in the burglary of parking meters. The appellant refers specifically to the testimony of Officer Stoops concerning recent parking meter burglaries, the proximity of the suspects to parking meters in the area

of initial encounter, and the coins observed on the seat of the suspect's car.

█ The rule is well settled that a defendant is to be tried and convicted, if at all, on the evidence of the charge against him and evidence of other crimes is generally inadmissible. *Frye v. State*, 606 P.2d 599 (Okl.Cr.1980). However, in his opening statement the appellant placed the other crimes evidence before the jury. He also failed to enter a timely objection at the introduction of the other crimes evidence. This Court has repeatedly held that a party may not complain of error which he himself invited or waived. *Luker v. State*, 504 P.2d 1238 (Okl.Cr.1973).

█ Later in the trial, after the trial judge had interrupted witness Stoops as he began to testify about the parking meter burglaries, the appellant solicited testimony from the officer that there was no evidence of parking meter burglaries in the area on the night in question. Therefore, any error caused by evidence of other crimes was rendered harmless by this testimony.

The appellant next argues that he was not made sufficiently aware of the dangers of self-representation; therefore it was error for the trial court to allow him to proceed pro se. The Supreme Court has stated that all defendants, including indigents, in criminal proceedings have a constitutional right, almost unlimited, to elect to proceed pro se provided the election is made in a voluntary, knowing and intelligent manner. *Faretta v. California*, 422 U.S. 806, 45 L.Ed.2d 562, 95 S.Ct. 2525 (1975).

█ Prior to trial, the appellant filed a petition requesting the right to represent himself. The appearance docket reflects that a hearing on the matter was held at which time the appellant's court appointed attorney withdrew and the appellant was allowed his request. After the trial, another hearing was held to consider the appellant's motion for new trial. At that hearing, Judge Lamm testified as to the proceedings at the preliminary hearing. She stated that at the hearing prior to trial, the appellant told her he wanted to represent himself, that he had been in court on several cases, and that he felt he knew as much about his case as a lawyer would. Judge Lamm further stated that at that same time she advised him of the dangers and disadvantages of self-representation.

Further, when the court convened for the trial, the appellant reiterated his desire to represent himself and accepted the offer by the court to have appointed counsel available to assist if requested. This Court held in *Johnson v. State*, 556 P.2d 1285 (Okl.Cr. 1976) that where a defendant, twice convicted of felonies, who knew the alternative to appointed counsel was self-representation, discharged court appointed counsel and refused to accept stand-by counsel, the defendant knowingly, voluntarily and intelligently waived his right to counsel. Upon review of the circumstances of appellant's self-representation, we find his second contention of error to be without merit.

█ It is next argued that the State committed error by cross-examining the appellant as to whether or not he was a liar and whether or not he had a high regard for the truth. On direct examination, the appellant had denied his guilt on a conviction for larceny by explaining that he "took the rap" for a friend. The State's cross-examination merely extended the scope of inquiry begun on direct examination. When a defendant opens the door on direct examination to his criminal activity, cross-examination by the State about that subject does not constitute an attack on the defendant's character. It is merely a line of questioning permitted to challenge the credibility of the defendant's testimony. *Fite v. State*, 526 P.2d 956 (Okl.Cr.1974). Since such was the case here, we find no error committed during the cross-examination.

█ Finally, error is claimed due to the district attorney's questioning of both appellant and appellant's brother as to whether the appellant had ever gone by the name "Haney." This Court has made clear we will not countenance the tactic of an overly enthusiastic prosecutor repeatedly asking

questions for the purpose of intimating to the jury something which is not true or which is not capable of being proved true. *Davis v. State*, 413 P.2d 920 (Okl.Cr.1966). However, in the case the appellant cites for authority that such questioning is cause for reversible error, the prosecuting attorney's inquiry was relentless to the point of eliciting from the defendant information concerning other offenses. *Smith v. State*, 453 P.2d 307 (Okl.Cr.1969). It was error for the district attorney to repeatedly ask the questions the appellant complains of. However, we find, looking at the record as a whole, this did not result in the degree of prejudice which would require a modification or reversal.

The judgment and sentence is AF-FIRMED.

BUSSEY, J., concurs.

CORNISH, J., not participating.