Tommy Dean **GRIZZLE**, Sr. Appellant,

v.

**STATE of Oklahoma, Appellee.**

No. F–83–338.

Court of Criminal Appeals of Oklahoma.

Oct. 17, 1985.

Mark H. Barrett, Sp. Counsel, Appellant Public Defender System, Norman, for appellant.

Michael C. Turpen, Atty. Gen., William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

The appellant, Tommy Dean Grizzle, Sr., was tried in the District Court of Hughes County, Case No. CRF–82–18, for the offenses of Feloniously Pointing a Firearm, 21 O.S. 1981, § 1289.16, and Cruelty to Animals, 21 O.S.1981, § 1685. The jury found appellant guilty of the lesser included offense of Pointing a Weapon at Another, 21 O.S. 1981, § 1279, as well as guilty of Cruelty to Animals. Appellant was sentenced to imprisonment of one year in the county jail for each offense, the terms to run consecutively.

At approximately 1:30 p.m. on the afternoon of March 14, 1982, Everett Chronister

went to the Holdenville Lake to join his family and friends for a picnic. He brought along his eleven month old German Shepherd puppy. Though normally kept on a leash, the dog was allowed to run loose while at the lake.

Around 5:00 p.m., the group was unexpectedly joined by appellant and his son. Appellant was at the lake to test a new weapon, a .25 caliber automatic pistol, that he had just purchased. Appellant pulled into the area where the picnic was located because Robert Merriman, a friend and relative of Chronister, waved him over. After Chronister offered appellant's son a beer, the latter, for no apparent reason, hit Chronister on the side of the head. The two men began fighting. As the combatants wrestled on the ground, Chronister's dog came to the aid of its master, and began biting the leg of young Grizzle. At this point, appellant shot the dog four times with his .25 caliber pistol, killing it.

According to Chronister, appellant shot over the heads of the wrestling men, and never attempted to separate the dog from young Grizzle. Appellant testified that he tried repeatedly to keep the dog away and opened fire only after the dog continued to attack both him and his son.

Subsequent to the shooting, appellant allowed his son to beat Chronister, while pointing the weapon at him. Chronister was threatened if he tried to defend himself. Appellant asserts that he did not intentionally point the pistol at anyone, rather he only turned around while holstering the weapon. Appellant also claims that he did not make any threats on Chronister, but only wanted to make sure that there was a fair fight.

Tommy Grizzle, Jr. stated that the dog chewed through his socks at the ankle. However, he neither sought medical attention, nor reported the bites to the authorities until after the arrest of himself and his father two days later. It was only then that the Sheriff's office was made aware of the bites.

## I.

Appellant's first three assignments of error deal with a question of first impression in our jurisdiction. The issue is to what extent is one entitled to defend oneself or another from the attack of an animal, so as to avoid criminal liability for Cruelty to Animals under 21 O.S. 1981, § 1685.

We agree with the appellant that the trial court's instructions were erroneous. Though portions of the instructions were proper, the instructions as a whole were confusing so as to deny appellant his fundamental right to instructions on his theory of defense. *Neal v. State,* 597 P.2d 334 (Okl.Cr.1979).

■ Oklahoma has no case law defining when a person may lawfully kill an animal and avoid criminal liability under 21 O.S.1981, § 1685. We hold today, therefore, that one is "privileged to destroy [or injure] an animal for the purpose of defending himself or third persons against harm threatened by the animal, (a) if its actions led him to know or reasonably believe that the animal would inflict such harm and (b) the destruction [or injury] was reasonable in view of the gravity of the harm threatened, and (c) the person reasonably believed the harm could only be prevented by immediate destruction [or injury] of the animal." *Devincenzi v. Faulkner,* 174 Cal. App.2d 250, 344 P.2d 322, 325 (1959). *See also State v. Wrobel,* 3 Conn.Cir. 57, 207 A.2d 280 (1964). The kind of and amount of force, however, should be reasonably proportionate to the kind and amount of danger presented by the animal's attack. *Accord State v. Wrobel, supra.* Appellant's theory of defense is based upon this rule. In essence, he asserts that if one is reasonably defending himself or another from the attack of an animal, the injury to the animal is not so cruel and malicious as to be within the scope of 21 O.S.1981, § 1685. Appellant contends that the shooting of this dog was not unreasonable under the circumstances.

■ The trial court properly instructed the jury on appellant's theory of defense that there was lawful cause for shooting

the dog. The trial court defined "lawful cause" in Jury Instruction No. 9 to include "the killing or destroying of an animal in defense of one's person, or another person, or one's home or property." It was noted further in Jury Instruction No. 10 that the appellant put on evidence that at the time of the alleged incident, he was acting in lawful defense of another.

■ However, the trial court confused the jury when it rendered its instructions concerning the defense of others. The trial court in Jury Instructions No.'s 12–14, instructed the jury that the defense of another was not available to the defendant "when the person on whose behalf the defendant intervened was the aggressor, no matter how great the danger to personal security becomes during the altercation unless the right of defense of another is reestablished." The trial court then explained when the defense of another might be reestablished.

In its deliberations, the jury could construe the instructions to mean that though there was lawful cause for shooting the dog, the defense is still not available if the defendant could not come to the aid of another (person). This construction is not only incorrect, but it is also confusing in such manner to deprive the appellant of his instructions on his theory of defense. Even if it were assumed that there was no more a right to repel an attacking dog than to repel an attacking person, the instructions on defense of another were prejudicially erroneous because it would be impossible for the jury to determine whether the "aggressor" were to be determined as between Grizzle, Jr. and Chronister or as between the dog and Grizzle Jr. It is well established under Oklahoma Law that the trial court is under a duty to give instructions concerning the defendant's theory of defense when there is evidence in the record to support it, and that such instruction is a fundamental right. *Smith v. State*, 485 P.2d 771, 773–74, (Okl.Cr.1971).

*See also Hall v. State*, 316 P.2d 620 (Okl. Cr.1957). In the instant case, the appellant presented sufficient evidence to warrant instructions on his theory of defense, but was denied that right when the trial court gave confusing instructions. *Neal v. State, supra* at 338. We accordingly reverse the conviction for "cruelty to animals," and remand for a new trial.

■ In this regard, appellant also has maintained that insufficient evidence was presented to show appellant guilty of Cruelty to Animals. We do not agree. Appellant shot Chronister's dog, and the evidence showed the killing was not accidental. A *prima facie* case was established by the prosecution. *See Stockbridge v. Territory*, 15 Okl. 167, 79 P. 753 (1905). Whether the appellant acted reasonably in killing the dog will be a question of fact for the jury to resolve on retrial. *See Renfro v. State*, 607 P.2d 703, 705 (Okl.Cr.1980). *See also Hunt v. State*, 601 P.2d 464 (Okl. Cr.1979) *cert. denied* 446 U.S. 969, 100 S.Ct. 2951, 64 L.Ed.2d 830 (1980).

II.

■ Appellant raises three assignments of error concerning his conviction on Count I—Pointing a Weapon at Another. In proposition IV of his brief, appellant alleges that the trial court improperly instructed the jury concerning the requisite intent required and its method of proof. Review of the entire record before this Court discloses no evidence that appellant requested jury instructions, nor objected to those utilized by the trial court. We find that instructions were not fundamentally erroneous, and this assignment of error is without merit. *Maghe v. State*, 620 P.2d 433, 436 (Okl.Cr.1980); and *Kelsey v. State*, 569 P.2d 1028 (Okl.Cr.1977).

■ In his fifth assignment of error, appellant asserts that the prosecutor's conduct during closing argument was improper and warrants reversal.[1] This Court

---

1. Appellant makes this proposition of error applicable to both counts I and II of his conviction. Since we have reversed the conviction for Cruelty to Animals on other grounds, we reach this issue only insofar as it relates to Count I, Pointing a Weapon at Another.

notes that at no time were any objections made to the prosecutor's comments during the course of closing arguments. It is well settled that erroneous remarks made by the prosecutor are waived if they are not objected to at the time that they are made, and do not constitute fundamental error. *See Tahdooahnippah v. State*, 610 P.2d 808, 810 (Okl.Cr.1980). Appellant contends further that photographs of the dead dog admitted into evidence were prejudicial because there was no issue for which they were relevant. Review of the original record and the transcripts discloses that these photographs have not been supplied to this Court with the rest of the appeal record. Counsel for the appellant has a duty to ensure that sufficient record is supplied to the Court to determine the issues raised. Failure to do so results in waiver of the error. *Ferguson v. State*, 645 P.2d 1021 (Okl.Cr.1982); *Martinez v. State*, 569 P.2d 497 (Okl.Cr.1977). Since the photographs in question have not been supplied to this Court, this assignment of error is waived.

 Appellant further asserts that the prosecutor's line of questioning on cross-examination of both himself and his son was improper and prejudicial. On cross-examination, the prosecutor inquired into whether or not appellant was carrying a loaded firearm in his truck, and whether he knew that such action was a felony. The defense counsel objected to the line of questioning, and the objection was sustained. The prosecutor also inquired into appellant's propensity for "getting into fights." An objection was made and overruled by the trial judge.

The subject of the prior fights and the carrying of the pistol in the truck had been brought up on direct examination by the appellant. Appellant's son testified that he struck Chronister first, in order to settle an old score. Appellant testified, as did his son, that they went to the lake to test fire appellant's .25 caliber pistol, which he acquired a few days previously.

We therefore hold that the defense opened the door to the State's cross-examination on the issues of prior fights and the .25 caliber pistol. Where the prosecutor's remarks or questions are on matters initially raised by the defense, they will generally not be grounds for reversal. *Wacoche v. State*, 644 P.2d 568, 573 (Okl. Cr.1982). *See* 12 O.S. 1981, § 2611(C). Counsel may generally cross-examine a witness on all matters covered during direct examination. Where the appellant, as in this case, voluntarily takes the witness stand in his own defense, the prosecuting attorney has the right to cross-examine him with the same latitude as any other witness. This rule also applies when the subject matter of cross-examination involves the commission of other crimes by the appellant. *Fite v. State*, 526 P.2d 956, 959 (Okl.Cr.1974). *See Maynard v. State*, 625 P.2d 111, 113 (Okl.Cr.1981).

 The prosecution also made comments on cross-examination concerning the younger Grizzle's previous conviction for public drunk. Defense counsel properly objected, and the objection was sustained. The trial judge admonished the jury to disregard the question and answer. Though such comment may not have been proper, there is no apparent prejudice to the appellant. Therefore, this assignment is without merit.

 In his seventh assignment of error, appellant contends the trial court committed reversible error by failing to instruct, as to Count I, on the lesser included offense of Reckless Conduct with a Pistol. Close scrutiny of the trial record and transcript reveal that defense counsel did not timely offer a requested instruction on these issues, nor object to the State's offerings. Any objections to the trial judge's instructions and any requested instructions should be made to the trial court prior to the time they are read to the jury. *Wyatt v. State*, 491 P.2d 1098, 1104 (Okl.Cr.1971) (modified on other grounds). In the instant case, however, counsel for the defense offered the requested instruction following the reading of the instructions to the jury, and the closing arguments of the prosecution. Consequently, appellant's request for

the instruction in question was not timely, and therefore this assignment of error has been waived.

Accordingly, the conviction for the offense of Cruelty to Animals is REVERSED and REMANDED for a new trial consistent with this opinion. The conviction for the offense of Pointing a Weapon is hereby AFFIRMED.

BRETT, J., concurs.

BUSSEY, J., concurs in part, dissents in part.

BUSSEY, Judge, concurring in part, dissenting in part.

While I agree that the judgment and sentence for the offense of Feloniously Pointing a Firearm should be affirmed, I am of the opinion that the instructions given concerning the offense of Cruelty to Animals were not so erroneous and confusing as to require a reversal of the conviction of that crime.