**NATIONAL UNION FIRE INSURANCE CO., Appellant,**

v.

**Luisa SANTOS, Appellee.**

**No. 17446.**

United States Court of Appeals Ninth Circuit.

May 8, 1962.

Schofield, Hanson, Bridgett, Marcus & Jenkins, Thomas M. Jenkins, San Francisco, Cal., E. R. Crain, Agana, Guam, of counsel, for appellant.

Spiegel, Turner, Barrett & Ferenz, Agana, Guam and San Francisco, Cal., W. Scott Barrett, San Francisco, Cal., for appellee.

Before HAMLIN and DUNIWAY, Circuit Judges, and JAMESON, District Judge.

HAMLIN, Circuit Judge.

Appellant, National Union Fire Insurance Co., issued a policy of fire insurance upon the residence of Luisa B. Santos, appellee herein, in Guam in the sum of $8,000 and upon the contents of said residence in the sum of $2,000. Thereafter, on March 1, 1960, a fire occurred which completely destroyed the building and its contents. After a dispute between appellant and appellee over the payment on the policy, appellee filed an action on the policy in the United States District Court for the District of Guam. A pre-trial order was made by the district judge. After a jury trial a verdict was rendered in favor of appellee in the sum of $8,000 for the damage to the building and $2,000 for the personal property.

This appeal followed. Jurisdiction was in the District Court of Guam under 48 U.S.C.A. § 1424 and is in this court pursuant to 28 U.S.C.A. §§ 1291 and 1294.

The appellant's first Specification of Error is:

"The Court erred in refusing to allow appellant to examine its sole witness with regard to whether he possessed any interest in the insured real property."

The above claimed error is alleged to arise out of the proceedings which occurred during the testimony of one of appellant's witnesses, Gregorio Sanchez, who was shown to have lived with the appellee in the house that burned. During Sanchez' testimony the following proceedings of which the appellant complains occurred:

"Q. Now who built that house?

"A. Pardon me?

"Q. Who built the house that burned down?

"A. Who built?

"Q. Uh huh.

"A. A carpenter by the name of Vicente—Jose Tapasna.

"Q. He the only person that worked on that house?

"A. I worked and some free labor, free hands.

"Q. Where did the material come from?

"A. It came from various stores in Agana.

"Q. Was it all new material?

"A. Approximately all new.

"Q. All new roofing?

"A. Right.

"Q. Did you buy any of it?

"A. Pardon me?

"Q. Did you buy any of it?

"A. Some.

"Q. Can you tell us what you bought and where you bought it?

"MR. BARRETT. Your Honor, this has gone on for a long time and I fail to see the relevancy of what Mr. Crain is driving at, what went into the house, where the materials came from. The house, it has been testified, belonged to Mrs. Santos. If he can prove it doesn't belong to her, that is something else.

"MR. CRAIN. I think we are entitled to inquire into it. I am not sure who any of this property belongs to at the moment.

"THE COURT. You lay your foundation. Do you know that she did not, the insured did not own the real property?

"MR. CRAIN. Perhaps she didn't own the sole interest in it and especially the personal property.

"THE COURT. I am going to limit your questions of this witness, if you intend to lay a foundation that someone else owns the personal property other than the witness. As far as the real property is concerned, that speaks for itself, is a matter of record and the proof of loss and policy, the real property, itself. If it can be shown you are putting this witness on the stand to bring out the ownership of the personal property, that the personal property, this was not owned by the insured, it is owned by someone else, let's get right down to the point."

There is no merit to appellant's contention that "the court erred in refusing to allow appellant to examine its sole witness with regard to whether he possessed any interest in the insured real property."

There had been no issue set out in the pre-trial order covering any lack of ownership or insurable interest by appellee in the building. See Rule 16 of the Federal Rules of Civil Procedure, 28 U.S. C.A. No offer of proof was made by appellant. No contention was made by appellant that appellee was not the record owner of the property. It is difficult to understand the reason for appellant's counsel's examination of the witness, and certainly the court's statement contained no error.

The policy in question was a "Valued Policy" issued in accordance with sections 43356 and 43408 of the Government Code of Guam which sections are set out in the margin.[1]

 Appellant's second Specification of Error is:

"The evidence is insufficient to sustain the jury's verdict and the judgment allowing appellee $2,000.00 for loss of personal property."

In connection with this specification of error on brief the appellant stated that "appellee possessed no insurable interest in her married daughter's clothing."

Appellee was cross-examined concerning the personal property lost in the fire and its value. In the course of this questioning appellee testified that her 13 year-old married daughter had about five new dresses in the building which had never been worn and ten used dresses, each of which had been purchased at prices ranging from $12.95 each downward. She was not asked what the values of these dresses were at the time of the fire.

During the testimony appellee testified that she valued the personal property in the building at the time of the fire at $5,000. In plaintiff's exhibit No. 3 appellee itemized property in the building, setting out the time of its purchase, its value at the time of purchase, and its value at the time of the fire. In this exhibit the value of the personal property at the time of the fire was set out as $2,122.50.[2] No evidence was offered by appellant as to the value of the personal property.

We think there was ample evidence to support the jury's verdict that the value of the personal property at the time of the fire was $2,000.

We see no merit in any of appellant's contentions. In fact, the appeal borders on the frivolous.

The judgment is affirmed.

---

1. Section 43356 of the Government Code of Guam:
    "A policy is either:
    "(a) An open policy which is one wherein the value of the subject matter is not agreed upon but is left to be ascertained in case of loss. An open policy shall not be written on real property for fire insurance or miscellaneous insurance.
    "(b) A valued policy which is one containing on its face an expressed agreement that the thing insured shall be valued at a specified sum."
    Section 43408 of the Government Code of Guam:

"A fire or miscellaneous insurance policy, in case of a total loss of any risk insured under the classes specified in this Title as fire or miscellaneous insurance shall be held and considered to be a liquidated demand against the insurer taking such risk for the full amount upon which the insurer charges, collects or receives a premium; provided the provisions of this article shall not apply to personal property."

2. Bracketed together in this exhibit were clothing, pillowcases, bedsheets, bedspread, towels at a valuation of $500.00.