FEDERAL DEPOSIT INSURANCE COR-
PORATION as Receiver of San Fran-
cisco National Bank, Plaintiff-Appellee,

v.

David M. GLICKMAN, Defendant-
Appellant.

No. 24746.

United States Court of Appeals,
Ninth Circuit.

Oct. 28, 1971.

Michael Lewton (argued), John A. McGuinn, San Francisco, Cal., for defendant-appellant.

Michael Ahrens (argued), of Bronson, Bronson & McKinnon, San Francisco, Cal., Leslie H. Fisher, Washington, D. C., for plaintiff-appellee.

Before KILKENNY and CHOY, Circuit Judges, and POWELL, District Judge.*

PER CURIAM:

This action was tried to a jury. On separate verdicts judgments were entered finding appellant Glickman liable on two promissory notes executed in favor of a bank which later, by reason of its insolvency, came under the receivership of Federal Deposit Insurance Corporation [hereinafter referred to as "FDIC"]. The notes were given in the respective sums of $220,500 and $10,000.

Three evidentiary questions are presented on appeal: (1) Whether the district court erred in excluding a transcript of testimony given in a prior criminal prosecution brought by the United States; (2) Whether the court erred in excluding the testimony of one of the bank's customers proffered to establish an agency relationship between the bank and one with whom the appellant had had certain dealings; and (3) Whether the court erred in refusing to admit evidence of a previous action brought by FDIC on the $10,000 note which resulted in a co-maker's discharge from liability.

Prior to the commencement of the instant action the United States prosecuted criminal charges against the president of the insolvent bank and another alleged to be the bank's agent; a witness was produced by the Government for the purpose of establishing the exist-

* Honorable Charles L. Powell, United States District Judge for the Eastern District of Washington, sitting by designation.

ence of the alleged agency relationship. Here, in defense to the $220,500 note, appellant pleaded an oral accord by which he, under pressure from the bank, conveyed three parcels of land to the alleged agent. The record is devoid of any evidence of an accord and satisfaction directly between the appellant and the bank. Under California Evidence Code, § 1291(a), where a witness (declarant) is unavailable, former testimony is admissible as an exception to the hearsay rule when offered against the person who offered it in evidence in his own behalf on the former occasion. Appellant contends that the United States (which offered the testimony in the criminal case) and FDIC are the same "person" within the meaning of the codified hearsay exception. The witness, a resident of Canada, was unavailable, and error is assigned to the court's refusal to admit a transcript of the former testimony.

■ The strength of the claimed error in the court's evidentiary ruling turns on whether the United States and FDIC are one and the same. In its present setting the determination is not aided by precedent. There can be little doubt of the establishment of FDIC as a federal agency. James v. Federal Deposit Insurance Corporation, 231 F.Supp. 475, 477 (D.C.La.1964); Freeling v. Federal Deposit Insurance Corporation, 221 F.Supp. 955, · 956 (D.C.Okla. 1962), affirmed 326 F.2d 971 (10th Cir. 1963). And similarly to certain other federal instrumentalities FDIC enjoys the sovereign's historic immunity from suit except by congressional consent. See Federal Savings and Loan Insurance Corporation v. Quinn, 419 F.2d 1014, 1016–1017 (7th Cir. 1969). At this point, however, a distinction must be drawn between FDIC's dual capacity as federal insurer of deposits and as liquidating agent for the bank. See Freeling v. Sebring, 296 F.2d 244, 245–246 (10th Cir. 1961). In the latter instance FDIC stands in the shoes of the insolvent bank. *Cf.* DeLorenzo v. Federal Deposit Insurance Corporation, 259 F.Supp. 193, 198 (D.C.N.Y.1966).

■ The Government, not the insolvent bank, proffered the excluded testimony in the former criminal action. The distinction is further heightened by the fact that FDIC, in its capacity as receiver of a bank, is not represented in this litigation by the United States Attorney, as would be the Government if it were a party. Under the circumstances of this case we hold that the United States Government and FDIC are not the same person for purposes of making applicable the hearsay exception.

■ The district court sustained FDIC's objection to testimony offered to show that the alleged agent had represented to the witness that he was a member of the bank's executive committee. Appellant claims that this testimony was admissible as proof of the alleged agency. Numerous California cases hold that a declaration of an alleged agent is not admissible to establish the agency unless made in the presence of or authorized in some way by the would-be principal. See DeMartini v. Alexander Sanitarium, Inc., 192 Cal.App.2d 442, 13 Cal.Rptr. 564 (1961); Shehtanian v. Kenny, 156 Cal.App.2d 576, 319 P.2d 699 (1958); Hilyar v. Union Ice Co., 45 Cal.2d 30, 286 P.2d 21 (1955). Citing the Restatement of Agency, § 286 (2 ed. 1958), the Court of Appeals for the Eighth Circuit, in United States v. Bensinger Co., 430 F.2d 584, 594 (8th Cir. 1970), has recently held:

> "Statements by an agent are admissible against the principal to prove the truth of the facts asserted therein, *only if he was authorized to make those statements.*" (Emphasis added.)

■ The test, as laid down in Flintkote Co. v. Lysfjord, 246 F.2d 368, 383 (9th Cir. 1957), in this Circuit is as follows:

> "Evidence of a hearsay statement is admissible against a party to the action if the judge finds: (a) the declarant was authorized by the party to

make a statement for him concerning the subject matter of the statement; or (b) the party, with knowledge of the content of the statement by words or conduct manifested his adoption or approval of the statement or his belief in its truth."

 Here there is no evidence that the bank, in whose shoes FDIC stands, adopted or approved the alleged statement. The statement was not made in the presence of a bank official. [RT 79]. In fact, the bank records clearly refuted any claim that the alleged agent (declarant) had some connection with its operations, either as an employee, officer or director [RT 199]. The purpose of the testimony was to establish the existence of the purported agency; it was properly excluded as hearsay.

Error is also assigned to the court's refusal to admit into evidence proof that the co-maker on the $10,000 note was relieved from liability in a previous action brought by FDIC. The district judge ruled that this attempt went beyond the pre-trial order which had narrowed the issue to whether appellant (not the co-maker) was relieved of liability because he had made payment and because of an accord and satisfaction. In McDonald v. Bowles, 152 F.2d 741, 742–743 (9th Cir. 1945), this Court articulated the purpose of the pre-trial conference under Rule 16, Federal Rules of Civil Procedure:

"[T]o simplify the issues, amend the pleadings where necessary, and to avoid unnecessary proof of facts at the trial."

A district judge is given broad discretion in supervising the pre-trial phase of litigation, with a view toward sifting the issues in order that the suit will go to trial only on questions involving honest disputes of fact or law. See Delta Theatres, Inc. v. Paramount Pictures, Inc., 398 F.2d 323, 324 (5th Cir. 1968), cert. den. 393 U.S. 1050, 89 S.Ct. 688, 21 L.Ed.2d 692. See also, National Union Fire Insurance Co. v. Santos, 303 F.2d 309 (9th Cir. 1962). Absent a showing of clear abuse of such discretion the exercise thereof will not be disturbed on appeal. Travelers Insurance Co. v. Dykes, 395 F.2d 747, 748–749 (5th Cir. 1968).

In offering evidence of the judgment which discharged the comaker from liability on the $10,000 note appellant somehow wishes to take advantage of a determination which in no sense was conclusive upon him. Considering the defenses available, it is difficult to perceive what significance the discharge of one comaker has upon the liability of the appellant, an attorney, particularly where the note was neither cancelled nor surrendered. The parties and the district judge having narrowed the issues relevant to the case, the district judge did not abuse his discretion in excluding evidence of the judgment.

No error having been found, the judgment of the district court is affirmed.