**NATIONAL CREDIT UNION ADMINIS-TRATION BOARD, as Liquidating Agent for Zionic Federal Credit Union, Plaintiff,**

v.

**Howard W. FISHER, et al., Defendants.**

**No. 86–1518C(B).**

United States District Court,
E.D. Missouri.

Nov. 20, 1986.

Gary H. Feder, Lee G. Kline, Shifrin & Treiman, St. Louis, Mo., for plaintiff.

Henry Menghini, Robert Krehbiel, Laura Allen, Evans & Dixon, St. Louis, Mo., for C. Fisher, Clark, Gruenewald, Morris, Oelklaus, Slavick, Est. of Roland Stratman, Tignor, Hartmann and Conway and Kibler.

William Richter, Joanne Martin, Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, Mo., for Howard Fisher.

H. Kent Munson, St. Louis, Mo., for Christenson.

Dennis T. McCubbin, Luke & Cunliff, St. Louis, Mo., for Morris.

Joseph Racine, Clayton, Mo., for Debra Gruenwal and Norma Stratman.

Henry D. Menghini, Robert Krehbiel, Laura Allen, Evans & Dixon, St. Louis, Mo., for Vernon Hartman.

## ORDER

REGAN, District Judge.

This matter is before the Court on plaintiff National Credit Union Administration Board's (NCUAB) motion to strike certain portions of the answer of defendant Howard W. Fisher and of the separate answer of defendants to plaintiff's complaint. For the following reasons, NCUAB's motion to strike is sustained.

■ NCUAB was established to carry out two distinct functions; to provide insurance and regulation of credit unions and to act as a liquidator for insolvent credit unions. 12 U.S.C. § 1781–§ 1790. In the instant case, NCUAB is suing in the name of Zionic Federal Credit Union as a federal credit union in liquidation. See 12 U.S.C. § 1766(b)(3)(A). Thus, it is the credit union's and not NCUAB's claim that is being asserted in this matter.

■ Defendants are attempting to assert affirmative defenses against NCUAB in its capacity as a regulator of federal credit unions by stating that NCUAB knew or should have known of the alleged wrongful acts or omissions of the defendants and failed to take preventative or corrective actions to avoid or diminish the losses of Zionic. However, when a federal instrumentality acts as a liquidating agent for a financial institution, the instrumentality stands in the shoes of the insolvent institution. *F.D.I.C. v. Glickman*, 450 F.2d 416, 418 (9th Cir.1971), *F.D.I.C. v. Harrison*, 735 F.2d 408, 412 (11th Cir.1984). The NCUAB is sufficiently similar to the Federal Deposit Insurance Corporation to apply the same analysis in the instant case. Both the NCUAB and F.D.I.C., under Title 12 of the United States Code, have separate roles as insurer/regulator and liquidating agent to the extent that, as liquidating agent, they may offer assets for sale to the NCUAB or F.D.I.C. as the appropriate insuring agent. 12 U.S.C. § 1787(i) and 1823(d). Thus, NCUAB acting as liquidating agent for Zionic is clearly a separate entity from NCUAB acting as insurer/regulator. Affirmative defenses could be raised against NCUAB pertaining to acts or omissions committed by Zionic or by NCUAB as liquidating agent. However, NCUAB as insurer/regulator is not a party to this action and the acts or omissions alleged in the affirmative defenses of defendants cannot be attributed to the plaintiff in the instant case. The affirmative defenses raised by the defendants are therefore inappropriate in this action.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to strike certain portions of the answer of defendant Howard W. Fisher and of the separate answer of certain defendants to plaintiff's complaint be and is hereby SUSTAINED. Paragraph 6 of the answer of defendant Howard W. Fisher and paragraphs 4 and 5 of the separate answer of certain defendants to plaintiff's complaint shall be stricken from the answers.