Steven C. OWEN, Plaintiff,

v.

RESOLUTION TRUST CORP., et al., Defendants.

No. 90–14043–CIV.

United States District Court,
S.D. Florida.

June 26, 1991.

**1164**

Alan S. Polackwich, Sr., Vero Beach, Fla., for plaintiff.

Lee Bruce David, Esq., Stuart, Fla., and James A. Minix, Port St. Lucie, Fla., for defendants.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon the defendants' motion for judgment on the pleadings, or, in the alternative, for summary judgment. The plaintiff has filed a timely response to this motion.

Defendant Resolution Trust Corporation ("RTC") has also moved to amend its affirmative defenses. This motion has not been responded to.

FACTS

The plaintiff, Steven C. Owen ("Owen"), was a director of marketing and sales of the Grand Harbor and Baytree real estate development projects ("the projects") in Indian River County. Defendant City Federal Savings Bank ("City Fed'l") was the lender for these projects. Amended Complaint, ¶¶ 8–9.

On November 25, 1988, City Fed'l entered into contracts to purchase the projects. On January 25, 1989, City Fed'l acquired title to the projects. City Fed'l then transferred title to four controlled corporate subsidiaries through written assignment of purchase and sale agreements. The four corporations, the Carriage Island/Somerset Island at Indian River Harbor, Inc., River Harbor, Inc., Wood Duck Island at River Harbor, Inc., and Baytree Oceanside, Inc. ("the subs") are the remaining defendants in this action. Amended Complaint, ¶¶ 10–13.

Owen states that through the purchase of the properties, City Fed'l assumed liabilities of the prior owners of the projects. Owen further asserts that he is owed commission monies from his sales efforts, and that Owen complied with all condition precedents of his contracts. Amended Complaint, ¶¶ 14–17.

Owen filed the instant complaint in the Circuit Court of the Nineteenth Judicial Circuit, Indian River County, Florida. After City Fed'l failed, and the RTC was appointed receiver, this case was removed to this federal forum.

Count One alleges a breach of contract against City Fed'l. Counts Two through Six allege breach of contract by the subs. Count Seven states a cause of action under Florida Statute § 772 alleging a pattern of criminal activity by defendant River Harbor. Finally, Count Eight states that City Fed'l controlled each of the subs, and therefore, breached the contract with the plaintiff.

DISCUSSION

1. *Judgment on the Pleadings*

A case may be dismissed or final judgment may be entered on the basis of the underlying substantive merits of the claims and defenses as revealed in the formal pleadings. Courts are to interpret the facts presented in the pleadings and inferences drawn in a light most favorable to the non-moving party. For purposes of the Court's consideration of the motion, all of the well pleaded factual allegations in the adversary's pleadings are taken to be true and all contrary assertions in the movant's pleadings are taken to be false.

### 2. *The RTC's obligations*

When it acts as a receiver of a failed institution, the RTC is an agency of the United States with the same powers and duties as the Federal Deposit Insurance Corporation ("FDIC"). 12 U.S.C. §§ 1441a(b)(1)(B), 1441a(b)(4). It is well settled that when the FDIC or RTC acts as a receiver, it "stands in the shoes of the insolvent bank." *FDIC v. Harrison,* 735 F.2d 408, 412 (11th Cir.1984) (quoting, *FDIC v. Glickman,* 450 F.2d 416, 418 (9th Cir.1971)). With that reasoning in mind, the Court must examine the contractual obligations of City Fed'l to determine the RTC's liability.

### 3. *The Assumption of the project's liabilities by City Fed'l*

■ On January 25, 1989, City Fed'l and the project's owners entered into an assumption agreement. Section 3(b) of this agreement specifically states that City Fed'l would assume certain liabilities and obligations concerning real estate sales commissions, as follows:

1. In connection with the disputed commissions owing to sales people as set forth on Exhibit "B" attached hereto, *the Lender will assume liability for the payment of any settlement agreement reached with respect to such commissions* in a total aggregate amount equal to the lesser of (i) fifty percent (50%) of such settlement arrangement or (ii) $24,375.02.

2. In connection with the disputed payment in the amount of Two Hundred Fifty Thousand Dollars ($250,000) *which may be payable to Steve Owen* in connection with termination of his employment, *liability for payment of any settlement agreement arrived at between Steve Owen and the Schaubs and the Related Corporations* in an amount equal to the lesser of (i) Fifty percent (50%) of the amount of such settlement arrangement or (ii) One Hundred Twenty–Five Thousand Dollars ($125,000).

3. *Liability for the payment of commissions due to individual sales people* in connection with existing agreements for the sale of residential dwelling units to third party purchasers and commissions owing to individual sales people in connection with the sale of residential dwelling units within the Projects entered into after the date of the execution of the November 25 Agreement; provided, however, that the Lender shall not assume any liability for any commissions owing to individual sales people in connection with the Harbor Village, St. David's Island or Carriage Island/Sommerset Island Project (or any other presold Project) unless such sales close in accordance with their terms.

Assumption agreement dated January 25, 1989; *See,* Complaint, Exhibit E at 2–3 (emphasis added).

It is apparent to this Court that the former owners of the projects have transferred a portion of their liability concerning these sales commissions to City Fed'l. This transfer has the clear effect of an assignment of liability. *See, e.g.* Fla.Jur.2d (Assignments) §§ 1,4. Again, since the RTC has taken over as the receiver for City Fed'l, the RTC has assumed City Fed'l's liability for the sales commissions.

The movants, therefore, have not met the appropriate standard for this Court to enter judgment on the pleadings in their favor. In fact, as the Court interprets the facts presented in the pleadings as true, all inferences drawn in a light most favorable to the non-moving party, and all contrary assertions in the movant's pleadings are taken to be false, it appears that the RTC, through City Fed'l's assumption agreements, have assumed some liability to the plaintiff. Judgment on the pleadings, therefore, would be inappropriate at this time.

### 4. *Remaining Factual issues precluding summary judgment*

■ In the instant case, there are material facts in dispute, and questions of law remain. A factual question remains whether any breaches of contracts occurred through the acts of the former owners of the projects, the subs or City Fed'l, as alleged by the plaintiff. A legal question

remains whether any of the defendants actions constituted a breach of contract. Summary judgment, therefore, is inappropriate at this time.

### 5. *Movant's arguments for dismissal*

The RTC has argued that this lawsuit should be dismissed because (1) privity of contract does not exist between the plaintiff and the RTC; and (2) the plaintiff cannot state a cause of action of state RICO in that RICO claims are not actionable against the RTC because it is a federal agency.

It appears obvious that contractual privity is not needed as City Fed'l, and therefore the RTC, assumed liability for sales commissions. The RTC's motion to dismiss Counts One through Six, and Count Eight, therefore, must be denied.

The RTC's motion to dismiss Count Seven, however, will be granted.

■■■■ This Court has previously held that RICO claims are not actionable against municipalities. *See, e.g. Biondolillo v. The City of Sunrise*, 736 F.Supp. 258, 260–261 (S.D.Fla.1990) (Gonzalez, J.). The Court notes that alleged acts of fraud cannot be imputed to the government, or one of its agencies such as the RTC, when there is no evidence that the governmental agency had any knowledge of the alleged wrongdoing. *See, e.g. Vernon v. Resolution Trust Corp.*, 907 F.2d 1101, 1106 (11th Cir.1990); *Gunter v. Hutcheson*, 674 F.2d 862, 873 (11th Cir.) *cert. denied*, 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982).[1] As the RTC is a government agency, this Court holds that RICO claims cannot be asserted against it absent proof that the RTC knew of any of the acts giving rise to the RICO allegations. *See, e.g. Vernon v. Resolution Trust Corp.*, 907 F.2d at 1107 (*citing, First City Nat'l Bank & Trust Co. v. Fed'l Deposit Ins. Corp.*, 730 F.Supp. 501, 511 (E.D.N.Y.1990)); *Mery v. Universal Savings Ass'n*, 737 F.Supp. 1000, 1004 (S.D.Tex.1990).

---

**1.** Conversely, if a federal agency such as the RTC actually knows of any estoppel, waiver, or unjust enrichment defense at the time it takes over a failed institution, the agency will be

The Court has reviewed the motion, the record, and the being otherwise duly advised, it is hereby:

ORDERED and ADJUDGED that the defendants' motion for judgment on the pleadings, or, in the alternative, for summary judgment be GRANTED as to Count Seven, and DENIED as to Counts One through Six, and DENIED as to Count Eight. In addition, the RTC's motion to amend its affirmative defenses will be GRANTED.

DONE AND ORDERED.

subject to that defense. *FDIC v. Gulf Life Ins. Co.*, 737 F.2d 1513, 1518 (11th Cir.1984) (*citing, Gunter*, 674 F.2d at 873).