MEMORANDUM **
Andrew Rick Lopez, a California state prisoner, appeals pro se from the district *97 court’s interlocutory orders dismissing claims against certain defendants in his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291 because the parties voluntarily dismissed the sole remaining claim in this action with prejudice. See Amadeo v. Principal Mut. Life Ins. Co., 290 F.3d 1152, 1158-61 (9th Cir.2002). We review de novo a dismissal for failure to state a claim, Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir.2005), and a dismissal for failure to exhaust administrative remedies, Wyatt v. Terhune, 315 F.3d 1108, 1117 (9th Cir.2003). We review for abuse of discretion a ruling pursuant to Federal Rule of Civil Procedure 16, Fed. Deposit Ins. Corp. v. Glickman, 450 F.2d 416, 419 (9th Cir.1971) (per curiam), and the denial of leave to amend, Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir.2000) (en banc). We affirm in part, vacate in part, and remand.
In its June 24, 2005, 2005 WL 1553999, order, the district court properly dismissed with prejudice Lopez’s claims against defendants Ballard, Hooper, Jennings, Munoz, and Platt based on an alleged nine-month delay in providing medically prescribed shoes because Lopez failed to allege sufficient facts to indicate that those defendants were deliberately indifferent to his medical needs. See Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1187 (9th Cir.2002) (“Under the Eighth Amendment’s standard of deliberate indifference, a person is liable for denying a prisoner needed medical care only if the person knows of and disregards an excessive risk to inmate health and safety.”). Moreover, Lopez failed to state a due process claim based on those defendants’ involvement in the administrative appeals process because prisoners do not have a liberty interest in a particular grievance procedure. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003).
The district court properly dismissed without prejudice Lopez’s claim against defendants Hooper, Jennings, and Castro based on an alleged failure to treat his deviated septum because Lopez did not properly exhaust administrative remedies as to this claim. See 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 90-91, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (explaining that “proper exhaustion” requires adherence to administrative procedural rules).
The district court properly dismissed Lopez’s claims against defendants Babbich, Baughman, Diggs, Haas, Reyes, Selky, and Wright based on their alleged forty-five day delay in providing Lopez with his medically prescribed shoes because Lopez failed to exhaust his administrative remedies prior to filing this action. See McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002) (per curiam) (holding that exhaustion under 42 U.S.C. § 1997e(a) must occur prior to commencement of the action). However, the district court should have dismissed this claim without prejudice. See Wyatt, 315 F.3d at 1120.
In its June 11, 2003 order, although the district court correctly determined that Lopez’s amended complaint failed to comply with Federal Rule of Civil Procedure 8(a), the district court abused its discretion by significantly limiting the complaint pursuant to Rule 16, which allows district courts to eliminate frivolous claims. Lopez’s amended complaint contained allegations that appear to state colorable claims in addition to the two claims identified by the district court. See Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (“a complaint *98 ... is frivolous where it lacks an arguable basis either in law or in fact”). For example, the allegations in paragraphs 69 through 77 of the amended complaint stating that Lopez was denied needed dental care for over two years were sufficient to state a colorable claim for deliberate indifference to serious medical needs. See Hunt v. Dental Dep’t, 865 F.2d 198, 200 (9th Cir.1989) (“[T]he eighth amendment requires that prisoners be provided with a system of ready access to adequate dental care.”). Further, it is not clear that certain deficiencies in the complaint could not be cured through amendment. See Lopez, 203 F.3d at 1130-31 (stating that leave to amend should be granted if it appears at all possible that a pro se plaintiff can correct the defect in the pleading)
Lopez’s remaining contentions are unpersuasive.
Accordingly, we vacate the portion of the June 24, 2005 order dismissing with prejudice Lopez’s claims against defendants Babbich, Baughman, Diggs, Haas, Reyes, Selky, and Wright based on an alleged forty-five day delay in providing Lopez with his medically prescribed shoes, and instruct the district court to enter the dismissal without prejudice. We also vacate the June 11, 2003 order, and instruct the district court to provide Lopez leave to amend. The parties shall bear their own costs on appeal.
AFFIRMED in part, VACATED in part, and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provid *97 ed by 9th Cir. R. 36-3.