NOT FOR PUBLICATION


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LONE STAR SECURITY & VIDEO, INC.,<br><br>                  Plaintiff - Appellant,<br><br>  v.<br><br>CITY OF LOS ANGELES,<br><br>                  Defendant - Appellee. | No. 12-56279<br><br>D.C. No. 2:03-cv-05346-AHM-RC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Submitted June 5, 2014[**]
Pasadena, California

Before: GOULD and N.R. SMITH, Circuit Judges, and ENGLAND, Chief District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Morrison C. England, Jr., Chief District Judge for the U.S. District Court for the Eastern District of California, sitting by designation.

Lone Star Security & Video ("Lone Star") appeals the district court's dismissal of this case after that court determined that Lone Star had not preserved a number of its claims and that no issues remained to be resolved.

## I.

There is no authority for Lone Star's contention that our reversal of the district court's original summary adjudication order, see Lone Star Sec. & Video, Inc. v. City of L.A., 584 F.3d 1232 (9th Cir. 2009), reset the proceedings and effectively nullified the Final Pretrial Conference Order ("FPTC Order"). The FPTC Order remains in effect. If Lone Star wished to preserve certain claims, it had an affirmative duty to make that intention clear to the district court. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Because Lone Star failed to comply with that duty, it waived those claims not disposed of by the motion for summary judgment and not included in the FPTC Order.

## II.

Lone Star also did not seek modification of the order and does not argue, let alone demonstrate, that it would suffer manifest injustice if the FPTC Order is not modified. See Fed. R. Civ. P. 16(e); see also Johnson, 975 F.2d at 608. The district court's decision regarding "the pretrial phase of [this] litigation" was

clearly within its "broad discretion." <u>Miller v. Safeco Title Ins. Co.</u>, 758 F.2d 364, 369 (9th Cir. 1985) (citing <u>FDIC v. Glickman</u>, 450 F.2d 416, 419 (9th Cir. 1971)).

**AFFIRMED.**