**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 12 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FAITH LYLES,<br><br>                    Plaintiff-Appellant,<br><br>    v.<br><br>DOLLAR RENT A CAR, INC.; DOES, 1 through 100, inclusive,<br><br>                    Defendants-Appellees. | No.    19-55589<br><br>D.C. No.<br>2:18-cv-04732-PA-RAO<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted February 12, 2021[**]
Pasadena, California

Before:  TALLMAN, CALLAHAN, and LEE, Circuit Judges.

Faith Lyles appeals the district court's summary judgment order in favor of

Dollar Rent a Car, Inc.  We have jurisdiction pursuant to 28 U.S.C. §§ 1332, 1291,

and we affirm.

---

        [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

1. On appeal, Lyles' sole argument is that the district court abused its discretion by refusing her request to amend her complaint to add DTG Operations, Inc. as a defendant. Lyles' request to add DTG came several months after the Scheduling Order's deadline on a Motion to Amend the Pleadings or Add Parties. "Denial of a motion to amend pleadings is reviewed for an abuse of discretion." *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 760 (9th Cir. 2017) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)).

"Once the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which establishe[s] a timetable for amending pleadings that rule's standards control[]." *Id.* at 764 (quoting *Johnson*, 975 F.2d at 607-08). Under Federal Rule of Civil Procedure 16, a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard of Rule 16(b) "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609 (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) and collecting cases). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* (internal citation omitted).

Lyles was not diligent in seeking amendment. By the time of the Scheduling

Order's deadline, Dollar had repeatedly informed Lyles that she was suing the wrong entity. "The simple fact is that [Lyles'] attorneys filed pleadings and conducted discovery but failed to pay attention to the responses they received. That is precisely the kind of case management that Rule 16 is designed to eliminate." *Id.* at 610. Since Lyles was not diligent, "the inquiry should end." *Id.* at 609.

Lyles claims she was diligent because she asked the court to allow DTG to step into Dollar's shoes "[a]s soon as the Court ordered briefing on DTG's presence in the case." But the district court did not order briefing until Dollar filed a motion for summary judgment—several months after the amendment deadline. By that time, Lyles had been told time and again that she was suing the wrong party. The measure of diligence did not begin at the time the district court requested briefing but at the time Lyles was put on notice that she was suing the wrong entity.

Lyles attempts to avoid this conclusion by arguing that DTG "waived" its objection to amending the Scheduling Order by voluntarily appearing in Dollar's motion for summary judgment. In support of this argument, Lyles argues by analogy to the service of process context.

But Lyles' attempt to import a waiver exception from the service of process context falls flat. The Ninth Circuit has never found a waiver exception in the Rule 16 context. Nor has any other court. And for good reason: the rationales are different.

A defendant's ability to waive service of process flows from Rule 12(h)(1), which allows a defendant to waive objections to personal jurisdiction. Fed. R. Civ. P. 12(h)(1); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (noting that defense of lack of personal jurisdiction is waivable under Rule 12(h)(1)). Personal jurisdiction is waivable because it "represents a restriction on judicial power . . . as a matter of individual liberty." *Ruhrgas AG*, 526 U.S. at 584 (quoting *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)).

Rule 16 has nothing to do with personal jurisdiction. Rather, the purpose of Rule 16 is to empower the district court to effectively manage a case. *See, e.g.*, Fed. R. Civ. P. 16(a)(2) (noting that a purpose of the Rule 16 pretrial conference is to "establish[] early and continuing control so that the case will not be protracted because of lack of management"); *Fed. Deposit Ins. Corp. v. Glickman*, 450 F.2d 416, 419 (9th Cir. 1971) (noting that the purpose of Rule 16 pretrial conference is "to simplify the issues, amend the pleadings where necessary, and to avoid unnecessary proof of facts at the trial").

The rationale behind waiver in the personal jurisdiction context does not apply to Rule 16. A party may waive personal jurisdiction because those jurisdictional requirements are built to protect his or her personal liberty. But it makes no sense to hold that a party's decision to appear deprives the district court of its discretion to manage its docket. "The district court's decision to honor the terms of its binding

scheduling order does not simply exalt procedural technicalities over the merits . . . . Disregard of the [scheduling] order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Johnson*, 975 F.3d at at 610.

**AFFIRMED.**